*194 Opinion op the Court,
bv Judge Owslet.
THIS was'an action brought by Brinker, to recover Per>T upon an assignment which the latter made to the former, of a note executed by Blanks Mpody.
The note of Moody bears date the 3d of August, 1819, was payable the 3d of August, 1820, and was assigned by Perry to Brinker the 23d of August, 1820.
The declaration of Brinker no where suggests, that 'ie *las exercised any diligence, by prosecuting suit against the maker of the note. It states, “ that when tlie note became payable, Moody had left the state, and continued out of the state for many months, and is still out, so † jlat the amount could not be recovered of him,” de-
The general issue was pleaded by Perry, and verdict anc| recovered Brinker..
On the trial in the circuit court, and after evidence was given to the jury conducing to prove, that before t,he note became payable, Moody had left the state, and cont‘tll,ed out of the state until about the month of May, 1821, and that in that month he returned and stayed about ten days, occasionally appearing publicly in New-cast'e) where Brinker lived, and then absconded. The court instructed the jury, that if, from the evidence, *195 Brinker might have brought suit against Moody, during the ten days he was in the state, they ought to find for Perry. After the jury had found their verdict, a motion was made by Brinker for a new trial, but his tion was overruled.
If the maker a not? is abTenT ait the time of as¡úgnment, ,g practicable, the assignee brjn.§, faiis to so the assignor not liable-
declaraalleging an excuse SL^obñ’ g0r was absent from the eJbthe prosecution of a suit, not admissible,
The assignment of errors questions the opinions of the court, as well in refusing to award a new trial, as in giving the instructions to the jury.
As respects the instructions which were given to the jury, we are unable to discover any error prejudicial to Brinker. That, in the general, due and proper diligence, by suit against the maker of a note, must be employed by the assignee, to enable him to have recourse against the assignor, cannot, at this day, be doubted.— The necessity of doing so, has been repeatedly decided by this court, and, as a general principle, must now be considered incontrovertibly settled. To this general principle, there are no doubt exceptions; but the ments contained in the declaration of Brinker, cannot be admitted to bring his case' within any one of the ceptions. It is unimportant whether the declaration understood to allege the fact of Moody, the maker of the note, having removed from the state, or only absented himself on a temporary occasion. In either case, the principle is the same, and in neither case can there he recovery against the assignor, without due diligence by suit having been exercised against the maker of the note. If the absence was merely temporary, there was nothing to prevent Brinker from suing the maker of the note, and if there was a permanent removal, as it is alleged to have taken place before the note was assigned, he must be understood to have undertaken to pursue the maker of the note by suit in the country to which he had removed, before recourse could be had against the assignor.
In any light which the statements contained in the declaration may be considered, therefore, Brinker has no cause to complain of the instructions which were given to the jury; for thé instructions barely imply a decision, that if Brinker could have sued the maker of the note, whilst he was in this country, and failed to do so, the jury ought to find for Perry; and if we are correct, there can be no recovery against Perry, unless Brinker has exercised due diligence, by suit against the maker of the note, whether the maker has ever been in *196 this country sinca the assignment of the note by Perry or not.
It is proper here to remark, that evidence going to prove that a suit was actually prosecuted by Brinker upon the note, against the maker, was given to the jury; but we suppose that it cannot be necessary or proper, under a declaration like that of Brinker, to examine th,e evidence on that point. The declaration, instead of alleging suit to have been brought against the maker of the note, charges the fact of Moody’s absence from the state, as an excuse for not suing. It is not, therefore, in consequence of the exercise of any diligence in prosecuting suit against the maker of the note, that Brinker’s right is asserted against Perry; and, of course, any evidence of such a suit having been brought, is altogether impertinent and irrelevant to the case, and ought to be disregarded.
Judgment affirmed with costs.