CASE 104—PETITION ORDINARY—JUNE 21.

# Citizens' National Bank v. Hubbert, &c.

### APPEAL FROM MONTGOMERY CIRCUIT COURT.

IMPLIED LIABILITY OF ASSIGNOR—DILIGENCE REQUIRED IN PROSECUT-
ING MAKER OF NOTE.—The assignee of a note executed by a for-
eign corporation must obtain judgment and return of "no prop-
erty" against the maker in the State where it was chartered, and
where its property is, in order to hold the assignor liable upon his
assignment. And the fact that the maker is insolvent, and that
its property has been placed in the hands of a receiver, affords no
excuse for the failure of the assignee to use this diligence.

In this case the maker of the assigned note being a Georgia
railroad corporation with its entire line of road and principal
place of business in that State, the assignee by suing the maker
in proper time in the courts of Tennessee and obtaining judg-
ment and return of no property there did not use that legal dili-
gence that is required to recover of the assignors.

W. O. HARRIS AND WM. H. HOLT FOR APPELLANT.

There is no law which requires in all cases a suit against the
maker in order to hold the assignor. What the law requires is
due diligence to collect the money, and such diligence must usu-
ally be manifested by suit, but not always. One of the well-
established exceptions to the rule is when the maker of the note
is a non-resident. (Simpson v. Daniel, 1 B. Mon., 250; Smallwood
v. Woods, 1 Bibb, 545; Clay v. Johnson, 6 Mon., 644; Wood v.
Berthund, 4 J. J. Mar., 307; Stapp v. Anderson, 1 Mar., 540;
Tucker v. Fogle, 7 Bush, 294; Francis v. Gant, 80 Ky., 193.)

2. When the maker is beyond the jurisdiction, or has been by some
public or judicial action stripped of his property, it is a vain and
useless thing to sue him, and therefore suit is not required.
(Roberts v. Atwood, 8 B. Mon., 210; Tucker v. Fogle, 7 Bush, 294;
Stapp v. Anderson, 1 Mar., 540; Maupin v. Crompton, 3 Bibb, 214;
Green v. Page, 80 Ky., 368; Eastin & Wilson v. Bierbower & 
Wilson, MS. Op., Dec. 4, 1877; Taylor & Beyers v. Daniel, 9 B. M.,
53.)

A receiver having been appointed to take charge of the prop-
erty of the Empire & Dublin R. Co., his possession was the pos-
session of the court, and judgment and execution would have
been useless. (High on Receivers, sec. 141.)

3. The residence of a corporation is the residence of its president.

(Sherrill v. C. & O. R. Co., 89 Ky., 302; Harper v. Newport News &c. Co., 90 Ky., 361.)

Therefore the suit against the Empire & Dublin R. Co. was properly brought where its president lived.

**B. F. BUCKNER FOR APPELLEES.**

1. The reduction of the maker of the note to insolvency by suit is necessary to fix the assignor's liability. (Smallwood v. Woods, 1 Bibb, 543; Trimble v. Webb, 1 Mon., 103; Clair v. Barr, 2 Mar., 255; Francis v. Gant, 80 Ky., 191; Brinker v. Perry, 5 Litt., 195; Bosman v. Akeley, 39 Mich., 710; Dwight v. Williams, 4 McLean, 586; Drave v. Schoolfield, 6 Leigh, 397; Ward v. Haggard, 75 Ind., 381.)

2. Suit must be prosecuted in the State in which the obligor resides unless he was out of the Commonwealth at the date of the assignment, and never returned, so as to be sued here, and such absence was unknown and therefore not contemplated by the assignor and assignee. (Burk v. Morrison, 8 B. M., 131; Levi v. Evans, 7 B. M., 115; McFadden v. French, 3 B. M., 121; Simpson v. Daniel, 1 B. M., 250.)

Cases explained: Clay v. Johnson, 6 Mon., 303; Wood v. Berthoud, 4 J. J. M., 307; Tucker v. Fogle, 7 Bush, 290; Bosley v. Taylor, 5 Dana, 159; Francis v. Gant, 80 Ky., 193.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The Empire & Dublin Railroad Company made its note payable to the order of the Indianapolis Car & Manufacturing Company for $4,250 in ninety days, at the Third National Bank in Chattanooga.

This note was indorsed by the payee and also by the New Albany Forge and Rolling Mill Company, and by Hubbert & Hubbert, who were accommodation indorsers, and at Hubbert's instance was discounted by the appellant, the Citizens' National Bank. The note is non-negotiable, but at the date of its maturity was protested for non-payment, and the Citizens Bank (the appellant) sought to make Hubbert & Hubbert, the appellees, liable as indorsers of the paper.

The facts show, beyond controversy, that the maker of the note (the Empire & Dublin Railroad Company) is a

Georgia corporation, and that its entire line of road is in the State of Georgia, and that its principal place of business was, at the maturity of the paper, in that State. Its president lived in Chattanooga, Tennessee, and had an office and did business for the company in that city, but it is not shown or attempted to be shown that the obligor in the note had property of any kind within the State of Tennessee at the place or in the county where the note was made payable. It does appear that the maker was insolvent and that the road had gone into the hands of the receiver at the maturity of the paper.

The assignee of the note (the appellant) instituted an action on the note in the city of Chattanooga, had service on the president of the road, obtained a judgment upon which an execution issued and was returned *no property found.*

There never was a suit instituted where the maker of the note was chartered and where its property was, and the only question in this case is: "Did the assignee by suing the maker within proper time in the courts of Tennessee (Chattanooga) use that legal diligence that is required by law to enable it to recover of these assignors? If the mere insolvency of the obligor or the fact of the road having passed into the hands of a receiver will excuse the appellant from exercising the proper diligence so as to create a liability on the part of the assignor, then the judgment below was erroneous.

We are aware of but few exceptions to the rule requiring this extraordinary diligence in order to hold the assignee bound for the solvency of the maker. If, when a note is assigned to one in this State, executed by an obligor living in another State, the assignee is required to pursue the maker to insolvency in the courts of the State where he lives and his property is, then it results this judgment for

the assignor was proper.   It is too well settled in this State to admit of controversy that the evidence of insolvency must consist of an execution with a return of no property so as to charge the assignor, and this execution must go to the maker's place of residence where his property is located.

In Brinker v. Perry, 5 Litt., 194, this court said:   "In general, due and proper diligence by suit against the maker must be employed by the assignee to enable him to recover of the assignor.   It is unimportant whether the declaration be understood to allege the fact of Moody, the maker of the note, having removed from the State, or only absented himself on a temporary occasion.   In either case the principle is the same, and in neither case can there be a recovery against the assignor without due diligence by suit having been exercised against the maker.

"If the absence was merely temporary there was nothing to prevent him from suing the maker of the note, and if there was a permanent removal, as it was alleged to have taken place before the note was assigned, he must be understood to have undertaken to pursue the maker of the note by suit in the country to which he had removed before he can have recourse against his assignor."

The fact of the insolvency of the maker affords no reason for not taking every legal step to collect the debt.

In Francis v. Gant, reported in 80 Ky., 190, the cases on this subject were reviewed, and although Justice Hines dissented upon the ground that insolvency had been alleged and not denied, and this dispensed with the necessity of producing the evidence of due diligence by suit, yet he held, if the act of insolvency had been denied, proof of due diligence by suit was indispensable.

If the assignor can sue the debtor, wherever he finds him, without regard to his residence and location of his property,

in that event there would be but little use for the exercise of legal diligence, and it is also apparent that it would be inconsistent with the exercise of a reasonable judgment on the part of the assignee to sue the debtor in a place other than his residence and where he had no property, out of which the debt could be made.

In Burk v. Morrison, reported in 8 B.M., 131, the debtor, at the date of the assignment, lived in Christian county, but before the note fell due removed to Trigg county. It was held that a suit in Christian was not evidence of due diligence, but the debtor should have gone to Trigg and there prosecuted his action. In Simpson v. Daniel, 1 B. M., 250, Daniel assigned a note on Thompson & Chapman to one Simpson. The assignee sued the obligors in the Scott Circuit Court, and had a return of no property. The assignor pleaded in an action against him by the assignee that Thompson had continuously resided from the date of the assignment in the State of Mississippi; that his property was there, and the assignee knew that fact when the assignment was made. In the decision of that case the court said: "So if the payors of the note or either of them were residents of another State at the time, before and since the assignment, and that was known to the assignee, as the estate of the non-resident must be presumed to be where he resides, the return of *nulla bona* here, where he may happen to be served with process, can not create a presumption even that he is solvent, much less operate as conclusive evidence of that fact. We conceive, therefore, that to entitle the plaintiff to recover upon the implied assumpsit of the defendant, it was necessary for him to show the use of due diligence by suit, not only against Chapman in Kentucky, but against Thompson in Mississippi."

There has been no permanent removal from the State be-

fore the maturity of this note, or an absconding, leaving no property to pay it, as in the case of Clay v. Johnson, 6 Mon., 644, but here the maker was in Georgia, with all its property; was there when the note was assigned, with its property, tangible and intangible, and no reason given for not prosecuting the maker to insolvency in the courts of the State where the maker resides and its property is. It must be assumed that the assignee knew where the maker was given its charter and had its property, for, by the exercise of the slightest care or diligence, it could have ascertained that this corporation was in Georgia, and, therefore, when the appellant took this paper it assumed to exercise all the legal diligence required in order to protect the assignor against loss, and to retain the right to make the assignor refund, in the event such diligence was exercised.

In Roberts v. Atwood, 8 B. M., 209, the fact that the debtor had gone into bankruptcy was held to be an excuse for not suing, the debtor having been declared bankrupt a few days after the note matured, and in Tucker v. Fogle, 7 Bush, 290, where the assignee was attempting to exercise the diligence required by law, *he was intercepted*, as the opinion expresses it, by a proceeding under the act of 1856, and the insolvency of the debtor established in that case, to which the assignee was a party. It was held that the assignee could recover against the assignor.

In the case before us the only evidence is that the maker was insolvent and the road in the hands of a receiver. This can not excuse the appellant and is unlike the cases referred to. It does not appear that by any proceeding in the State of Georgia he was prevented from bringing his suit in that State, or that any impediment ever existed to his proceeding in the courts of Georgia to make this debt.

Judgment affirmed.